UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FADI BARGHOUTI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. NEIL CLARK, et al.,<br><br>　　　　　Respondents. | CASE NO.  C06-1094-RSM-MJB<br><br>REPORT AND<br>RECOMMENDATION |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

On August 3, 2006, petitioner Fadi Barghouti, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that he is being detained indefinitely by the U.S. Immigration and Customs Enforcement ("ICE") in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and that he must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. #6). Respondents have filed a motion to dismiss, arguing that ICE is in possession of a valid travel document for petitioner and is prepared to remove him to Jordan upon termination of any pending orders staying his removal. (Dkt. #13).

REPORT AND RECOMMENDATION
PAGE – 1

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #6) be DENIED and respondents' motion to dismiss (Dkt. #13) be GRANTED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner was born in Kuwait and is a citizen of Jordan.  (Dkt. #15 at L02, L54).  He was admitted to the United States at Seattle, Washington on or about December 12, 2005, as a nonimmigrant B-1 visitor with authorization to remain in the United States for a temporary period not to exceed January 13, 2006.  (Dkt. #15 at L02).  On January 17, 2006, ICE issued a Warrant for Arrest of Alien and a Notice to Appear, placing petitioner in removal proceedings and charging petitioner with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for overstaying the authorized period of his visit to the United States.  (Dkt. #15 at L02-04).  On January 19, 2006, ICE determined that petitioner may be released on $30,000 bond, pending a final determination by the Immigration Judge ("IJ").  (Dkt. #15 at L10).  At a bond redetermination hearing on February 15, 2006, the IJ reduced petitioner's bond to $15,000.  (Dkt. #15 at L09).

At a hearing before an IJ on March 22, 2006, petitioner admitted the allegations contained in the Notice to Appear and conceded removability.  (Dkt. #15 at L257).  The hearing was then continued to allow petitioner an opportunity to submit an application for asylum.  On March 29, 2006, petitioner submitted a Form I-589 application for asylum and withholding of removal based on his sexual orientation.  (Dkt. #15 at L14-L54).  In a decision dated April 4, 2006, the IJ denied petitioner's applications for asylum, withholding of removal, as well as his request for protection under the Convention Against Torture, finding that petitioner lacked credibility, and, therefore, failed to meet his burden of proving eligibility for relief.  Specifically,

REPORT AND RECOMMENDATION
PAGE – 2

the IJ found that petitioner had failed to adequately explain the inconsistencies between his own testimony and that of the other two witnesses; Special Agent Darrick Smalley, and petitioner's wife Sharon Falzgraf.  The IJ also found petitioner statutorily ineligible for voluntary departure under INA § 240B(b), and ordered him removed to Qatar, or, in the alternative, to Jordan. (Dkt. #15 at L249-58).  On April 5, 2006, ICE redetermined petitioner's custody status and ordered petitioner detained without bond.  (Dkt. #15 at L10).

Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  On July 10, 2006, the BIA affirmed the IJ's decision and dismissed petitioner's appeal. (Dkt. #15 at L305-308).  On July 25, 2006, petitioner filed a Petition for Review and Emergency Motion for Stay of Removal in the United States Court of Appeals for the Ninth Circuit.  (Dkt. #15 at L312-15).  The Ninth Circuit subsequently granted petitioner's motion for stay of removal pending its review.  Petitioner's petition for review is currently pending in the Ninth Circuit.

On August 3, 2006, petitioner filed the instant habeas petition.  (Dkt. #6).  On September 20, 2006, the government filed its return and motion to dismiss.  (Dkt. #13).  Petitioner filed a response to the government's return and motion to dismiss on October 5, 2006.  (Dkt. #16).  The government filed a reply on October 13, 2006.  The habeas petition and motion to dismiss are now ready for review.

III.  DISCUSSION

A. Post Removal Order Detention and *Zadvydas*

Petitioner argues that he is being detained indefinitely by ICE in violation of the Supreme Court's mandate in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653

REPORT AND RECOMMENDATION
PAGE – 3

(2001). Respondents argue that petitioner's reliance on *Zadvydas* is misplaced because his 90-day removal period under INA § 241(a)(1)(A) has not expired, and even if petitioner's removal period has expired, it is significantly likely that he will be removed in the reasonably foreseeable future. (Dkt. #13 at 3).

The post-removal-order detention statute, INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas*, 533 U.S. at 701.[1] The Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Here, petitioner's claim that he is being held indefinitely in violation of *Zadvydas* lacks merit because he has not demonstrated that his removal to Jordan is not significantly likely in the reasonably foreseeable future. *See Zadvydas* at 701. As indicated in the record, ICE has secured

---

[1] In *Zadvydas*, two resident aliens challenged the constitutionality of their post-removal-order detentions under INA 241(a)(6), 8 U.S.C. § 1231(a)(6), because, although no country was willing to accept them, the government continued to detain them years after the expiration of the 90-day removal period. *See Zadvydas*, 533 U.S. at 684-86. The Supreme Court stated that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690. Applying the constitutional avoidance doctrine, the Court held that INA § 241(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal" and "does not permit indefinite detention." *Id.* at 689.

REPORT AND RECOMMENDATION
PAGE – 4

travel documents for petitioner from Jordan and the only thing preventing his removal is his Petition for Review and related stay of removal.  Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner.  *See Bequir v. Clark*, Case No. 05-1587-RSM-JPD (Dkt. #23 at 3).  Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent."  *Zadvydas*, 533 U.S. at 690-91.  Accordingly, petitioner's detention complies with the mandate in *Zadvydas*.

### B.  8 C.F.R. § 241.4

In his habeas petition, petitioner alleges in conclusory fashion that respondents arbitrarily denied his request for release from detention by failing to consider all of the factors enumerated within the government's own regulation under 8 C.F.R. § 241.4, and by not providing him an "individual assessment."  (Dkt. #6).  This claim fails because petitioner does not specify what factors respondents failed to consider or how they failed to give him an individual assessment.

### IV.  CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed.  A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of January, 2007.

*/s/ Monica J. Benton*
MONICA J. BENTON
United States Magistrate Judge